Filed 7/30/26  P. v. Bailey CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B345786 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA029812) |
| v. | |
| JACOB BAILEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and David S. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jacob Bailey appeals from a postjudgment order denying his motion for a *Franklin/Cook*[1] hearing to develop and preserve evidence for a future youth offender parole hearing. The superior court determined Bailey was ineligible for a youth offender parole hearing under Penal Code section 3051[2] because he was sentenced to life without the possibility of parole (LWOP) for offenses that were committed "after [he] had attained 18 years of age." (§ 3051, subd. (h).) Bailey was 18 years eight months old when he committed the offenses. Bailey contends section 3051 violates his federal and state constitutional rights to equal protection. He also argues his sentence constituted cruel or unusual punishment in violation of the California Constitution. (See Cal. Const., art. I, § 17.) We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[3]

In 1999 a jury found Bailey guilty on two counts of first degree murder of Elmer Ortiz and Eddie Marquez and one count of attempted willful, deliberate, and premeditated murder of

---

[1] In *People v. Franklin* (2016) 63 Cal.4th 261, 283-284, the California Supreme Court held a juvenile offender who is eligible for a youth offender parole hearing under Penal Code section 3051 is entitled to a hearing to develop and preserve youth-related mitigation evidence. In *In re Cook* (2019) 7 Cal.5th 439, 451, the Supreme Court further held that "an offender entitled to a hearing under [Penal Code] sections 3051 and 4801 may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final."

[2] Further statutory references are to the Penal Code.

[3] We omit the facts regarding the underlying offenses because they are not relevant to our analysis.

Julio Alcaraz.  For each murder count, the jury found true a multiple murder special circumstance (§ 190.2, subd. (a)(3)).  With respect to Marquez's murder, the jury also found true a special circumstance allegation that the murder was perpetrated by shooting from a vehicle, intentionally at a person outside the vehicle with the intent to inflict death (§ 190.2, subd. (a)(21)).  With respect to all counts, the jury found several firearm enhancements true (§§ 12022.5, subd. (a)(1), 12022.53, subds. (b), (d), (e)).

The trial court sentenced Bailey to two consecutive indeterminate terms of life in prison without the possibility of parole for the murders and a consecutive indeterminate term of life with the possibility of parole for the attempted murder.  For each count, the court imposed a consecutive 25-years-to-life enhancement under section 12022.53, subdivision (d).  On direct appeal, this court ordered stricken one of the two multiple murder special circumstances and made other minor modifications before affirming the judgment.  (*People v. Bailey* (Feb. 14, 2002, B144133) [nonpub. opn.].)

In 2023 Bailey filed a section 1172.6 (former section 1170.95) petition for resentencing.  The superior court held a prima facie hearing and denied the petition without issuing an order to show cause.  We affirmed the superior court's denial. (*People v. Bailey* (May 1, 2025, B340543) [nonpub. opn.].)

In 2025 Bailey, representing himself, filed a motion requesting a *Franklin/Cook* hearing to develop and preserve youth-related mitigation evidence for a future youth offender parole hearing under section 3051.  The superior court summarily denied Bailey's request, explaining Bailey "is statutorily ineligible for a youth offender parole hearing."

3

Bailey timely appealed.

## DISCUSSION

A.  *Section 3051 Does Not Violate Bailey's Constitutional Right to Equal Protection*

Section 3051 requires the Board of Parole Hearings to conduct a "youth offender parole hearing" for certain persons who are incarcerated for crimes they committed when they were 25 years old or younger.  (§ 3051, subds. (a)(1), (b)(1)-(4).)  "Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration.  [Citation.]  But not all [young adult] offenders are eligible for parole hearings.  The statute excludes, among others, offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18."  (*People v. Hardin* (2024) 15 Cal.5th 834, 838-839 (*Hardin*); see § 3051, subd. (h).)  Defendants who are statutorily ineligible for a youth offender parole hearing are not entitled to a *Franklin* hearing.  (*People v. Sands* (2021) 70 Cal.App.5th 193, 197.)

Bailey was 18 years eight months old when he committed the offenses for which he was sentenced to LWOP.  As he acknowledges, because he was sentenced to LWOP for a crime committed after the age of 18, he is statutorily ineligible for a youth offender parole hearing under section 3051, subdivision (h).  Nonetheless, Bailey argues section 3051, subdivision (h), violates the equal protection clause of the federal and state Constitutions because it treats young adult offenders (ages 18 to 25) who are serving LWOP sentences differently than both young adult offenders serving non-LWOP sentences and juveniles (under 18

4

years of age) serving LWOP sentences.  With respect to both sets of inmates, he asserts that the Legislature did not have a rational basis to treat them differently.  We review his equal protection claims de novo (*People v. Morales* (2021) 67 Cal.App.5th 326, 345), and we apply a rational basis standard of review to a defendant's equal protection challenge to section 3051 (*Hardin*, *supra*, 15 Cal.5th at p. 839).

In *Hardin*, the California Supreme Court rejected Bailey's argument as to the first set of inmates.  It concluded that section 3051's disparate treatment of young adults sentenced to LWOP and young adults sentenced to non-LWOP did not violate equal protection.  (*Hardin*, *supra*, 15 Cal.5th at p. 839.)  Bailey acknowledges *Hardin* forecloses his equal protection argument as between that set of inmates.  However, Bailey contends *Hardin* did not directly consider his equal protection argument as to the second set of inmates—that there is no rational basis to treat young adult offenders sentenced to LWOP differently from *juvenile* offenders sentenced to LWOP.  Bailey is correct that *Hardin* did not address this equal protection challenge because the defendant in *Hardin* did not raise it on appeal.  (*Id*. at p. 846.)

However, we have previously held "there is a rational basis for the Legislature's decision to treat these two groups differently" for purposes of section 3051.  (*People v. Hardin* (2022) 84 Cal.App.5th 273, 285, reversed on other grounds by *Hardin*, *supra*, 15 Cal.5th at p. 839[4]; accord, *People v. Sands*, *supra*,

---

[4]      *Hardin* noted that "the Court of Appeal in this case held, and [Hardin] d[id] not dispute, that the Legislature acted reasonably in distinguishing between offenses committed before

5

70 Cal.App.5th at p. 204 [in the context of section 3051, the Legislature had a rational basis to distinguish between offenders with LWOP sentences based on their age]; *In re Murray* (2021) 68 Cal.App.5th 456, 463-464 [same]; *People v. Morales*, *supra*, 67 Cal.App.5th at p. 347 [same]; *People v. Jackson* (2021) 61 Cal.App.5th 189, 196-197 [same]; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779-780 [same].)  We held:  " 'The Legislature had a rational basis to distinguish between offenders with the same sentence (life without parole) based on their age. For juvenile offenders, such a sentence may violate the Eighth Amendment.  [Citations.]  But the same sentence does not violate the Eighth Amendment when imposed on an adult, even an adult under the age of 26....  [T]he Legislature could rationally decide to remedy unconstitutional sentences but go no further.'  (Accord, *People v. Acosta*, *supra*, 60 Cal.App.5th at pp. 779-780 ['Section 3051 now affords a youth offender parole hearing to juvenile LWOP offenders to comply with *Montgomery* [*v. Louisiana* (2016) 577 U.S. 190] without resorting to costly resentencing hearings. [Citation.]  The Legislature declined to include young adult LWOP offenders in this amendment, presumably because *Montgomery* did not compel such treatment for young adults. The Legislature thus had a constitutionally sufficient basis for distinguishing juvenile LWOP offenders from young adult LWOP offenders'] ….)"  (*Hardin*, 84 Cal.App.5th at pp. 285-286, reversed on other grounds.)

For these reasons, we also reject Bailey's claim that the Legislature acted irrationally in granting youth offender parole

___

and after the age of 18 because the Eighth Amendment (and the law more generally) makes the same distinction." (*Hardin*, *supra*, 15 Cal.5th at p. 846.)

hearings to juvenile offenders with LWOP sentences but denying such hearings to young adult offenders with LWOP sentences.

B.  *Section 3051 Does Not Violate the State Constitutional Prohibition Against Cruel or Unusual Punishment*

Bailey also argues the exclusion in section 3051 of young adult offenders sentenced to LWOP violates our state's prohibition against "[c]ruel or unusual punishment" (Cal. Const., art. I, § 17).  Bailey specifically contends that even if his sentence did not constitute cruel or unusual punishment when it was imposed, "the recent expression by the Legislature in sections 3051 and 4801 in effect that youthful offenders committing serious or violent offenses before they became 26 years old are less culpable than those who committed such offenses after they turned 26 and thus should be given youth offender parole hearings at some point, causes LWOP sentences, without any hope for a parole hearing and possible parole at some point, for such offenders, to be grossly disproportionate to the offenses for which they were imposed."  Bailey did not raise this argument in the superior court; thus, it is forfeited.  (See *People v. Brewer* (2021) 65 Cal.App.5th 199, 212 ["Because defendant failed to make the contention that his sentence constituted cruel and unusual punishment in violation of the … California Constitution in the trial court, he has forfeited the issue."]; *People v. Baker* (2018) 20 Cal.App.5th 711, 720 (*Baker*) ["A claim that a sentence is cruel or unusual requires a 'fact specific' inquiry and is forfeited if not raised below."].)  Even if Bailey had not forfeited his claim, he failed to meet his burden to show his LWOP sentence constitutes cruel or unusual punishment.

We review Bailey's claim de novo.  (*Baker*, *supra*, 20 Cal.App.5th at p. 721.)  The California Constitution prohibits

7

"[c]ruel *or* unusual punishment."  (Cal. Const., art. I, § 17, emphasis added.)  The Eighth Amendment to the United States Constitution prohibits "cruel *and* unusual punishment[ ]."  (U.S. Const., 8th Amend., italics added.)  A sentence violates either constitution "when the penalty is 'grossly disproportionate to the offense' [citation] so that it ' "shocks the conscience and offends fundamental notions of human dignity." ' "  (*People v. Steskal* (2021) 11 Cal.5th 332, 378.)

Bailey's argument is foreclosed by the California Supreme Court's holding that section 3051 does not bar imposition of the death penalty for young adult offenders under the Eight Amendment.  (See *People v. Flores* (2020) 9 Cal.5th 371, 429 [section 3051 provides no basis for concluding the Eighth Amendment bars the death penalty for young adult offenders]; accord, *People v. Tran* (2022) 13 Cal.5th 1169, 1234 [rejecting argument that imposing death penalty for crimes committed by 18- to 20-year-olds violates the state and federal Constitutions because it is cruel and unusual punishment].)  The Supreme Court has thus reaffirmed the age of 18 as the bright line separating childhood from adulthood in assessing the propriety of criminal punishments like the death penalty.  (See *Flores*, at p. 429; see also *Roper v. Simmons* (2005) 543 U.S. 551, 554 ["While drawing the line at 18 is subject to the objections always raised against categorical rules, that is the point where society draws the line for many purposes between childhood and adulthood and the age at which the line for death eligibility ought to rest."].)  As the court in *In re Williams* (2020) 57 Cal.App.5th 427 aptly stated, "If the Eighth Amendment does not prohibit a sentence of death for 21 year olds, then most assuredly, it does not prohibit the lesser LWOP sentence."  (*Id*. at p. 439.)

Although *Flores* was decided on federal constitutional grounds, Bailey offers no persuasive reason why its reasoning would not also apply to claims under the California Constitution. (See *Baker*, *supra*, 20 Cal.App.5th at p. 733.) Accordingly, consistent with *Flores*, we reject Bailey's claim.

## DISPOSITION

The order is affirmed.


                                            STONE, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.